```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| JOAN CARRINGTON, | |
| Plaintiff, | |
| -versus- | No. 19 Civ. 10301 |
| NEW YORK CITY HUMAN RESOURCES ADMINISTRATION, | ORDER |
| Defendant. | |

LORETTA A. PRESKA, SENIOR UNITED STATES DISTRICT JUDGE:

Joan Carrington brings this lawsuit against the New York City Human Resources Administration ("HRA" or "Defendant") asserting race discrimination and retaliation claims under 42 U.S.C. §§ 1981 and 1983, the New York State Human Rights Law, N.Y. Exec. Law §§ 290 et seq. ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Code §§ 8-107, et seq. ("NYCHRL"). (See Complaint dated Nov. 6, 2019 ("Compl.") [dkt. no. 1].) Defendant moves to dismiss the Complaint under Rules 12(b)(1), 12(b)(6), and 12(b)(7) of the Federal Rules of Civil Procedure. (See Notice of Motion dated Jan. 7, 2020 [dkt. no. 8].) For the reasons set forth below, Defendant's motion is GRANTED.

I.  **BACKGROUND**[1]

Plaintiff, who identifies as Caucasian, started working in the role of Job Opportunity Specialist at HRA in November 2015. (Compl. ¶ 17.)  In August 2016, nonparty Tonita Walker ("Ms. Walker"), who Plaintiff believes to be African American, became Plaintiff's supervisor.  (Id. ¶¶ 20-21.)  At that time, Plaintiff was the only white employee in her HRA group.  (Id. ¶ 22.)  Plaintiff alleges that Ms. Walker regularly berated, disrespected, and micromanaged her, scolded her for using the bathroom, and denied her requests for overtime while granting other employees' requests.  (Id. ¶¶ 24-27, 29-30.)  Ms. Walker also allegedly told Plaintiff that her "white ass [would] be on the street" and called her names, including "child." (Id. ¶ 32.)

Less than one month after Ms. Walker became Plaintiff's supervisor, Plaintiff met with Ms. Walker and a Deputy Director, an "Associate Job Opportunity Specialist II," and a union representative.  (Id. ¶ 34.)  At that meeting, Plaintiff allegedly complained that Ms. Walker was discriminating against and harassing her and treating her differently because she was

---

[1] The following facts come from the Complaint and the documents referenced in the Complaint.  See DiFolco v. MSNBC Cable, L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim[,] . . . a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint.").

the only white employee in her work group.  (See id. ¶¶ 35-36.) The Deputy Director did not instruct Ms. Walker to modify her conduct and told Plaintiff to continue reporting to Ms. Walker and to remain courteous and considerate to her.  (Id. ¶¶ 38-39.)

Plaintiff alleges that after this meeting, Defendant initiated a "campaign" of retaliation against her for complaining about discrimination.  (Comp. ¶ 40.)  Three days after the meeting, Defendant issued a memorandum directing Plaintiff to discuss any issues she had regarding her job directly with Ms. Walker.  (Id. ¶ 41.)  In the ensuing two to three months, Plaintiff received six memoranda detailing issues with her performance, including Plaintiff's (1) failing to conduct interviews, (2) failing to service clients, (3) staying away from her desk for too long, (4) refusing to follow instructions, (5) grabbing a document from her supervisor's hands, and (6) yelling at her supervisor.  (Id. ¶¶ 42-43.) Plaintiff alleges that these memoranda were baseless and issued in retaliation for her discrimination complaints.  (Id. ¶ 44.)

On November 22, 2016, Plaintiff filed a complaint with the New York State Division of Human Rights ("SDHR") asserting discrimination, hostile work environment, and retaliation charges.  (See id. ¶¶ 9, 47; see also Declaration of Leo T. Ernst, dated January 7, 2020 ("Ernst Decl.") [dkt. no. 9], Ex. A ("SDHR Compl.").)  The SDHR ultimately dismissed Plaintiff's

complaint on May 19, 2017 in a written decision finding there was insufficient evidence to support probable cause on the claims.  (See Compl. ¶ 10; Ernst Decl. Ex. B ("SDHR Decision").)

Plaintiff alleges that in January 2017, after learning about the SDHR complaint, Defendant retaliated further by filing formal disciplinary charges against Plaintiff.  (Compl. ¶ 48.) Plaintiff alleges that Defendant continues to discriminate and retaliate against her "by way of, among other things: refusing to approve Plaintiff's overtime requests."  (Id. ¶ 49.)

Plaintiff filed two additional complaints with the SDHR following her initial SDHR complaint.  (Id. ¶¶ 11-14.)  She filed a second complaint alleging discrimination and retaliation in February 2017; the SDHR found probable cause for Plaintiff's allegations and set a hearing to adjudicate the claims.  (Id. ¶ 11.)  In September 2019, before the hearing date, on request from Plaintiff, the SDHR issued an order annulling Plaintiff's second SDHR complaint.  (Id. ¶ 12.)  In December 2017, Plaintiff filed a third complaint alleging discrimination and retaliation with the SDHR.  (Id. ¶ 13.)  The SDHR dismissed that complaint for administrative convenience in July 2018.  (Id. ¶ 14.)

In May 2019, Plaintiff filed a complaint against Defendant in New York Supreme Court, New York County, alleging retaliation in violation of the NYSHRL and the NYCHRL.  (Id. ¶ 15.) Following motion practice, Plaintiff voluntarily dismissed that

action without prejudice to pursue her claims in federal court. (Id. ¶ 16.)  This lawsuit followed.  In the Complaint, Plaintiff alleges that Defendant violated federal, state, and city law by discriminating against her, subjecting her to a hostile work environment, and retaliating against her for complaining of discriminatory treatment.  (Id. ¶¶ 51-107.)

## LEGAL STANDARDS

**Rule 12(b)(1).**  A claim is "properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  Sasson v. Hachette Filipacchi Presse, No. 15 Civ. 00194 (VM) (SN), 2016 WL 1599492, at *2 (S.D.N.Y. Apr. 20, 2016) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)).  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that jurisdiction exists."  Giammatteo v. Newton, 452 F. App'x 24, 27 (2d Cir. 2011) (citing Makarova, 201 F.3d at 113).

**Rule 12(b)(6).**  On a Rule 12(b)(6) motion, the court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the pleader's favor.  Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993) (citation omitted).  To withstand dismissal, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

5

face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (quoting Twombly, 550 U.S. at 556).  Put differently, the claims must have "enough heft to show that the pleader is entitled to relief."  Twombly, 550 U.S. at 557 (internal quotation marks omitted).

## II.  DISCUSSION

The Complaint is defective in several ways.  First, Plaintiff has only sued the HRA, which is not a proper defendant.  If Plaintiff had named the City of New York ("City") and/or someone else as a defendant, the Court would nevertheless dismiss much of the Complaint as barred by the statute of limitations and the election of remedies doctrine and for failing to state a claim.

### a. Improper Party

The HRA first argues that, as an agency of the City, it is not amenable to suit and that the Complaint must therefore be dismissed.  (Defendant's Memorandum of Law in Support of its Motion to Dismiss the Complaint, dated Jan. 7, 2020 ("Def. Br.")

6

[dkt. no. 10], at 6.)[2]  Indeed, it is well established that lawsuits challenging the conduct of City agencies must be brought against the City itself.  See N.Y. City Charter ch. 17 § 396 (2020) ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of an agency, except where otherwise provided by law."); see also, e.g., Paige-El, 735 Fed. App'x at 755 (holding that City agency was not subject to suit).  Although Plaintiff cites prior actions naming the HRA as a defendant, she identifies no case in which a court held that an agency like the HRA is legally subject to suit.  (See Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss, dated Feb. 4, 2020 ("Opp.") [dkt. no. 16], at 5-6.)  Because Plaintiff sued the HRA, an improper party, as the lone defendant, the Complaint must be dismissed.

---

[2]   Although the HRA couches this as a Rule 12(b)(7) argument, the argument actually appears to fall under the rubric of Rule 12(b)(6).  See, e.g., Paige-El v. Herbert, 735 Fed. App'x 753, 755 (2d Cir. 2018) (analyzing similar argument under Rule 12(b)(6)); Suarez v. N.Y. City Dep't of Human Res. Admin., No. 09 Civ. 8417 (WHP), 2011 WL 1405041, at *2-3 (S.D.N.Y. Mar. 24, 2011) (same).

b. Statute of Limitations on Federal Claims

Plaintiff's § 1983 claims are in large part untimely.[3] "[T]he limitations period for a § 1983 claim is borrowed from state law, which, in the case of New York, confers only a three-year period." Duplan, 888 F.3d at 619.  Because Plaintiff initiated this action on November 6, 2019, the statute of limitations bars all claims arising from activity predating November 6, 2016.

Plaintiff's argument that the "continuing violation" doctrine saves her untimely allegations is meritless.  Under that doctrine, if the plaintiff "experienced a continuous practice and policy of discrimination, the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it." Fitzgerald v. Henderson, 251 F.3d 345, 359 (2d Cir. 2001) (citation, quotation marks, and ellipses omitted); see also Cornwell v. Robinson, 23 F.3d 694, 703-04 (2d Cir. 1994) ("While discrete incidents of discrimination that are not related to discriminatory policies or mechanisms may not amount to a continuing violation, a continuing violation may be found where there is proof of

---

[3]  Plaintiff also asserts claims under § 1981, but those claims can only proceed against a state actor through § 1983.  See Duplan v. City of New York, 888 F.3d 612, 620-21 (2d Cir. 2018) ("Because § 1983 already provides a remedy against state actors, there is no reason to infer from the rights-conferring language of § 1981(c) that it creates an additional, and duplicative, remedy.").

8

specific ongoing discriminatory policies or practices, or where specific and related instances of discrimination are permitted by the employer or continue unremedied for so long as to amount to a discriminatory policy or practice." (citation omitted)). Here, Plaintiff alleges only discrete incidents of discrimination and does not identify any policy or practice that would render her pre-November 6, 2016 allegations timely. Accordingly, the statute of limitations defeats all claims based on conduct preceding that date.

Assessing the timeliness of Plaintiff's hostile work environment claim involves a similar analysis. "A claim of hostile work environment is timely so long as one act contributing to the claim occurred within the statutory period; if it did, the entire time period of the hostile environment may be considered by a court for purposes of determining liability." Patterson v. Cnty. Of Oneida, 375 F.3d 206, 220 (2d Cir. 2004) (citation and internal quotation marks omitted). To render otherwise time-barred hostile work environment allegations timely, however, the alleged acts that fall within the limitations period must be "in furtherance of the alleged practice of racial harassment." Id. Here, the only timely acts are letters to the file and the disciplinary charges. (See Compl. ¶ 43, 48.) Plaintiff has not plausibly alleged that those acts reflect an expansion of any alleged practice of

9

racial harassment from before November 6, 2016.  The disciplinary charges and letters to file therefore do not pull the untimely hostile work environment allegations within the statute of limitations.

    c. Election of Remedies

Plaintiff's non-federal claims are largely barred by the election of remedies doctrine.  Under the NYSHRL and NYCHRL, a person who files a complaint in an administrative forum may not sue on the same claim in federal court.  See N.Y. Exec. L. § 297(9); N.Y.C. Admin Code § 8-502(a); see also, e.g., York v. Ass'n of the Bar of the City of N.Y., 286 F.3d 122, 126 (2d Cir. 2002) ("SHRL and CHRL claims, once brought before the NYSDHR, may not be brought again as a plenary action in another court.")(citation omitted); Higgins v. NYP Holdings, Inc., 836 F. Supp. 2d 182, 188 (S.D.N.Y. 2011) ("The election of remedies bar also precludes consideration of any claim -- whether brought under the SHRL or the CHRL -- arising out of the same incident on which [a plaintiff's] SDHR complaint was based."); Ulysse v. FreshDirect, LLC, No. 14 Civ. 3556 (PKC), 2015 WL 5692938, at *4 (E.D.N.Y. Sept. 28, 2015) (election of remedies bars federal suits arising from "the same operative events" underlying the earlier administrative complaint).  When the election of remedies bar applies, it divests the court of subject matter jurisdiction.  See Marecheau v. Equal Employment Practices

Comm'n, No. 13 Civ. 2440 (VEC), 2014 WL 5026142, at *4 (S.D.N.Y. Sept. 30, 2014) ("[A] complaint that has previously been dismissed by the NYSDHR . . . must be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).").

Before filing this federal action, Plaintiff filed an administrative complaint with the SDHR concerning much of the same discriminatory and retaliatory conduct and hostile work environment allegations at issue here.  (See Compl. ¶ 9.)  Among other things, Plaintiff claimed in both cases that her supervisor, Ms. Walker, restricted her access to the bathroom, told her that she "will be on the street," called her a "child," was demeaning and harassing, denied requests for overtime, and retaliated against her for complaining of racial discrimination. (Compare Compl. ¶¶ 25-28, 29-30, 32, 34-44, 49, with SDHR Compl. at pp. 1, 5, and SDHR Decision.)  The SDHR investigated Plaintiff's allegations and issued a determination of "no probable cause," concluding that there was insufficient evidence supporting Plaintiff's claims of discrimination, hostile work environment, and retaliation. (See Ernst. Decl. Ex. A.)  Because the SDHR complaint arises from many of the same events at issue in this case, the election of remedies doctrine bars this Court from adjudicating the overlapping allegations.

The Complaint alleges a few incidents that postdate Plaintiff's first SDHR filing. In particular, Plaintiff alleges that Defendant discriminatorily denied her requests for overtime and brought disciplinary charges against her in retaliation for her SDHR complaint. (Compl. ¶¶ 47-49.) Because the overtime denials are just more of same conduct alleged in the SDHR action, which also addressed overtime-related issues, those allegations are barred by election of remedies. See, e.g., Benjamin v. N.Y. City Dep't of Health, 57 A.D.3d 403, 404 (N.Y. App. Div. 1st Dep't 2008) ("[T]he instant claims are based on the same continuing allegedly discriminatory underlying conduct asserted in the Commission proceedings, and thus the statutory election of remedies applies."). The alleged disciplinary charges, on the other hand, do not reflect another iteration of conduct previously raised in the SDHR complaint. Rather, they mark a fresh instance of alleged retaliation in response to Plaintiff's SDHR complaint. Accordingly, Plaintiff's election of remedies bars all of her state and city law claims except the retaliation claims involving disciplinary charges imposed after Plaintiff's first SDHR complaint.[4]

---

[4] Plaintiff filed two more SDHR complaints after her first complaint. Because the SDHR annulled the election of remedies on her second complaint and dismissed her third complaint for administrative convenience, those later complaints do not trigger the election of remedies bar. See, e.g., Khalil v. City

*Continued on next page . . .*

      d. <u>Municipal Liability</u>

With respect to her § 1983 claim, Plaintiff has failed to establish municipal liability against the City. To state a claim against a municipality, the plaintiff must plausibly allege that the "challenged acts were performed pursuant to a municipal policy or custom." <u>Patterson v. Cty. Of Oneida</u>, 375 F.3d 206, 226 (2d Cir. 2004). Plaintiff's Complaint contains a single paragraph reciting the elements of municipal liability without giving any supporting facts. (<u>See</u> Compl. ¶ 50 (alleging that Defendant had a "custom or practice of discriminating and/or electively treating individuals; these practices were so persistent and widespread that they constituted the constructive acquiescence of policymakers; and the individual policymakers directly participated in and/or tacitly condoned the discrimination and retaliation to which Plaintiff was subjected").) That falls well short of satisfying <u>Twombly</u>'s plausibility standard. <u>See, e.g.</u>, <u>Santiago v. City of New York</u>, No. 09 Civ. 0856 (BMC), 2009 WL 2734667, at *3 (E.D.N.Y. Aug. 25, 2009) ("[A] conclusory, boilerplate assertion of a municipal

---

. . . *Continued from previous page.*

of N.Y., No. 17 Civ. 1729 (JFB) (SIL), 2018 WL 4658803, at *4 (E.D.N.Y. June 11, 2018) ("the election of remedies bar does not apply when NYCCHR dismisses a complaint for administrative convenience or when the election is annulled"); <u>see also</u> N.Y. Exec. L. § 297(9); N.Y.C. Admin Code § 8-502(b).

13

policy or custom [is] insufficient to survive a motion to dismiss." (citing Smith v. City of New York, 290 F. Supp. 2d 317, 322 (E.D.N.Y. 2003)).  Had Plaintiff named the City as a defendant, the municipal liability claim would thus fail.

     e. Discrimination Claims Under § 1983[5]

For a § 1983 claim to withstand dismissal, the Plaintiff must allege, among other things, that he or she suffered an adverse employment action.  See Littlejohn v. City of New York, 795 F.3d 297, 307 (2d Cir. 2015).  An adverse employment action is "a materially adverse change in the terms and conditions of employment," including, among other things, "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation."  Galabya v. New York City Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000) (citation and internal quotation marks omitted).

Plaintiff alleges three categories of actions falling inside the limitations period: (1) two letters to the file issued in November 2016; (2) unspecified disciplinary charges from January 2017; and (3) Ms. Walker's refusal to approve

---

[5]   As discussed above, Plaintiff's state and city law discrimination claims are barred by election of remedies.

unspecified overtime requests.  (See Compl. ¶¶ 43, 48-49.)  None of these allegations support liability.

Letters to the file and disciplinary charges only constitute adverse employment actions if they result in material negative consequences, which Plaintiff has not alleged here. See, e.g., Sotomayor v. City of New York, 862 F. Supp. 2d 226, 255 (E.D.N.Y. 2012) ("Like other negative performance evaluations, letters to file do not rise to the level of an adverse employment action where, as here, they do not trigger other adverse consequences, such as loss of pay."), aff'd, 713 F.3d 163 (2d Cir. 2013); Salerno v. Town of Bedford, No. 05 Civ. 7293 (SCR), 2008 WL 5101185, at *2 (S.D.N.Y. Dec. 3, 2008) ("[T]he mere filing of disciplinary charges against an employee, without more, does not constitute an adverse employment action." (citation omitted)).  And although denying overtime can be an adverse employment action, Plaintiff alleges no details at all regarding the instances for which she seeks relief.  (See Compl. ¶¶ 48-49.)  "Her conclusory allegation that she was denied overtime, without more, is insufficient to substantiate an adverse employment action."  Henry v. N.Y.C. Health & Hosp. Corp., 18 F. Supp. 3d 396, 406 (S.D.N.Y. 2014).  Because Plaintiff has, at a minimum, failed to allege adverse employment actions, her § 1983 discrimination claims must be dismissed.

      f. <u>Hostile Work Environment Claims Under § 1983,
the NYSHRL, and the NYCHRL</u>

Plaintiff's hostile work environment claims also fail. "'It is axiomatic' that a hostile work environment claim is only actionable 'when it occurs because of an employee's [race], or other protected characteristic.'" <u>Mohan v. City of N.Y.</u>, No. 17 Civ. 3820 (KPF), 2018 WL 3711821, at *14 (S.D.N.Y. Aug. 3, 2018) (addressing § 1983 claims) (quoting <u>LeLaurencio v. Brooklyn Children's Ctr.</u>, 111 F. Supp. 3d 239, 248 (2d Cir. 2001)); <u>see also</u> <u>Forrester v. Corizon Health, Inc.</u>, 278 F. Supp. 3d 618, 626 (E.D.N.Y. 2017) (under the NYCHRL standard, "a plaintiff must show that she was treated less well 'because of' a protected status.")  Here, the only conduct surviving the statute of limitations (for the federal law claims) and election of remedies (for the state and city law claims) is the overtime denials, disciplinary charges, and letters to file.  Plaintiff has not plausibly alleged, as she must, facts suggesting that racial animus drove any of those acts.  Accordingly, the hostile work environment claims are dismissed.

      g. <u>Retaliation Claims Under § 1983, the NYSHRL,
and the NYCHRL</u>

To state a retaliation claim under § 1983, the NYSHRL and the NYCHRL, plaintiffs must allege, among other things, that they engaged in a protected activity and suffered an adverse employment action that was causally connected to the protected

16

activity.  See Isbell v. City of New York, 316 F. Supp. 3d 571, 592-93 (S.D.N.Y. 2018).  Plaintiff alleges that in January 2017, Defendant brought disciplinary charges against her in retaliation for her November 2016 SDHR complaint.  (See Compl. ¶¶ 48-49; Opp. at 19.)

Defendant argues that Plaintiff's retaliation claim fails because she has not plausibly alleged a causal link between the SDHR complaint and the disciplinary charges.  (See Def. Br. at 14-15.)  Defendant's theory is that there can be no inference of causation because Plaintiff received six disciplinary memoranda in the months before she filed her SDHR complaint, and the post-complaint disciplinary charges reflect just another instance of Defendant responding to Plaintiff's poor job performance.  (See id.)  Although this is somewhat of a close call, the Court concludes that, had Plaintiff named a proper party, Defendant's argument would not warrant dismissal at this stage in the case.

The Court of Appeals has observed that "[w]here timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise."  Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 95 (2d Cir. 2001); see also Wright v. N.Y.C. Off-Track Betting Corp., No. 05 Civ. 9790 (WHP), 2008 WL 762196, at *5 (S.D.N.Y. Mar. 24, 2008) ("If an employer's conduct before and after an

17

employee complaint is consistent, the post-complaint conduct is not retaliatory." (citing Slattery, 248 F.3d at 94-95)). "Courts look to the severity of the adverse actions taken before the protected activity and how long before the protected activity the adverse actions occurred to determine if they sever the causal link created by temporal proximity." Hernandez v. N.Y. City Dep't of Sanitation, No. 18 Civ. 1808 (LGS), 2018 WL 5447540, at *4 (S.D.N.Y. Oct. 29, 2018) (citing Slattery, 248 F.3d at 94-95).

Drawing all reasonable inferences in Plaintiff's favor, as the Court must, the principle from Slattery does not apply here. Although Plaintiff does not explain the differences between disciplinary memoranda and formal disciplinary charges, it would seem that charges are the more severe sanction. Because Defendant imposed harsher sanctions after Plaintiff's SDHR complaint than it had before, the Court cannot conclude as a matter of law that Plaintiff's prior disciplinary track record cuts the causal cord on her retaliation claims. See, e.g., Allen v. J.P. Morgan Chase & Co., No. 06 Civ. 8712 (JGK), 2009 WL 857555, at *8, *12 (S.D.N.Y. Mar. 31, 2009) (finding that negative reviews and warnings before plaintiff's protected activity were not significant enough to break an inference of causation between the protected activity and plaintiff's later demotion). Accordingly, if Plaintiff were to sue an appropriate

18

defendant, her retaliation claims would not founder on the causation element.[6]

## III. CONCLUSION

To the extent they are not addressed above, the Court has considered the parties' remaining arguments and finds them meritless.  For the foregoing reasons, Defendant's motion to dismiss is GRANTED.  Plaintiff may amend her Complaint by no later than June 3, 2020, to name a proper party and to cure the pleading defects in the federal claims arising from conduct post-dating November 6, 2016 and the state and city law claims arising from the disciplinary charges.  The remaining claims are barred by the statute of limitations or election of remedies doctrine and are dismissed with prejudice.  The Clerk of the Court shall close the open motion [dkt. no. 8].

**SO ORDERED.**

Dated:  May 12, 2020
        New York, New York

_____
LORETTA A. PRSEKA
SENIOR U.S. DISTRICT JUDGE

---

[6]  Plaintiff also alleges that the HRA retaliated against her by denying her overtime requests.  (Compl. ¶ 49.)  As discussed above, Plaintiff's election of remedies bars her NYSHRL and NYCHRL claims based on the overtime denials.  (See supra § III.c.)  To the extent that the overtime allegations are not time-barred with respect to Plaintiff's federal claims, they fail plausibly to plead causation under Slattery, as Plaintiff acknowledges that Defendant uniformly denied her overtime requests both before and after she filed her SDHR complaint.  The retaliation claims based on overtime denials thus fail.